# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)



**UNITED STATES OF AMERICA,**

       **Plaintiff,**   **Filed Under Seal**
               **CASE NO. 6:23-cr-10078-EFM**

 **v.**

**ANDREA BOHANON,**
**ANTWAIN GAILS,**
**ANTONIO TURNER,**
**RAFAEL TURNER, and**
**WAYNE TURNER,**

      **Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

### POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL
### [21 U.S.C. § 841(a)(1)]

On or about December 3, 2021, in the District of Kansas, and elsewhere, the

defendant,

      **RAFAEL TURNER,**

knowingly and intentionally possessed with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance (Package 1).

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 2

### POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL
### [21 U.S.C. § 841(a)(1)]

On or about December 3, 2021, in the District of Kansas, and elsewhere, the defendant,

**RAFAEL TURNER,**

knowingly and intentionally possessed with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance (Package 2).

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNTS 3 THROUGH 17

### USE OF A TELEPHONE TO FACILITATE
### DRUG TRAFFICKING
### [21 U.S.C. § 843(b)]

On or about the dates specified below, in the District of Kansas and elsewhere, the defendant,

**RAFAEL TURNER,**

did knowingly and intentionally use a communication facility, a cellular telephone, to facilitate the commission of any act constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, attempted distribution of a controlled substance, and distribution of a controlled substance:

| Count | Approx. Date | From | To | Summary of Text Communications |
|-------|------|------|-----|--------------------------------|
| 3 | 2/22/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner asked Individual #1 if Defendant Turner could send "clothes" to his/her address |
| 4 | 2/23/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner advises that the package is there and that his "uncle" tried to call Individual #1 |
| 5 | 3/9/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | "It's on the porch" |
| 6 | 3/9/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | "My uncle is going to come to your house and get it. I don't want someone to take it HMU when you see this" |
| 7 | 3/17/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner tells Individual #1 that there are "1000 in each one" and they cost "3000 for 1000 pack" |
| 8 | 3/17/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner further advises Individual #1 "they gon try talk you down lmk" |
| 9 | 3/25/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner instructs Individual #1 to take one pack to his "uncle" at "the shop" |
| 10 | 3/25/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner changes previous instruction to taking "two" packs to the shop |
| 11 | 3/31/2022 | Defendant Rafael Turner 602-459-6571 | Individual #1 | Defendant Turner advises Individual #1 that "its in the front porch" |
| 12 | 4/5/2022 | Defendant Rafael Turner 602-459-6571 | Individual #1 | Defendant Turner instructs Individual #1 to pick up the rest from "uncle" and keep $500 |

| 13 | 4/16/2022 | Defendant Rafael Turner 623-521-4125 | Individual #1 | Defendant Turner asks Individual #1 if one or two packages arrived in Individual #1's mail |
| 14 | 4/16/2022 | Defendant Rafael Turner 602-459-6571 | Individual #1 | Defendant Turner asks Individual #1 if s/he got it |
| 15 | 5/10/2022 | Defendant Rafael Turner 602-459-6571 | Individual #1 | Defendant Turner tells Individual #1 that it is out for delivery |
| 16 | 5/18/2022 | Defendant Rafael Turner 602-459-6571 | Individual #1 | Defendant Turner tells Individual #1 to look out for one tomorrow |
| 17 | 5/20/2022 | Individual #1 | Defendant Rafael Turner 602-459-6571 | Individual #1 tells Defendant Turner s/he received it |

In violation of Title 21, United States Code, Section 843(b).

## **COUNT 18**

**ATTEMPTED DISTRIBUTION OF FENTANYL**
**[21 U.S.C. §§ 841(a)(1) & 846]**

On or about May 20, 2022, in the District of Kansas, and elsewhere, the defendant,

**RAFAEL TURNER,**

knowingly and intentionally attempted to distribute 400 grams and more of a mixture and

substance containing a detectable amount of fentanyl, a Schedule II controlled substance

(Package 3).

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and

846.

## COUNT 19

**ATTEMPTED DISTRIBUTION OF FENTANYL**
**[21 U.S.C. §§ 841(a)(1) & 846]**

On or about May 20, 2022, in the District of Kansas, and elsewhere, the defendant,

**RAFAEL TURNER,**

knowingly and intentionally attempted to distribute 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance (Package 4).

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

## COUNT 20

**CONSPIRACY TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 846]**

Beginning on or about a date unknown, but as early as March 1, 2021, and continuing through on or about May 23, 2022, in the District of Kansas, and elsewhere, the defendant,

**RAFAEL TURNER,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendant RAFAEL TURNER, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT 21

### CONSPIRACY TO DISTRIBUTE FENTANYL
### [21 U.S.C. § 846]

Beginning on or about a date unknown, but as early as January 5, 2023, and continuing through on or about March 18, 2023, in the District of Kansas, and elsewhere, the defendants,

**ANDREA BOHANON,**
**ANTWAIN GAILS,**
**ANTONIO TURNER,**
**RAFAEL TURNER, and**
**WAYNE TURNER,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendants ANTWAIN GAILS, ANTONIO TURNER, RAFAEL TURNER, and WAYNE TURNER, each defendant's conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant ANDREA BOHANON, defendant BOHANON's conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## <u>COUNTS 22 THROUGH 30</u>

**USE OF A TELEPHONE TO FACILITATE
DRUG TRAFFICKING
[21 U.S.C. § 843(b)]**

On or about the dates specified below, in the District of Kansas and elsewhere, the

defendants as specified below,

**ANTWAIN GAILS,
ANTONIO TURNER, and
RAFAEL TURNER,**

did knowingly and intentionally use a communication facility, a cellular telephone, to

facilitate the commission of any act constituting a felony under Title 21, United States

Code, Section 841(a)(1), that is, attempted distribution of a controlled substance, and

distribution of a controlled substance:

| Count | Date; Session No. (if applicable) | From | To | Summary of Communication |
|-------|-----------------------------------|------|-----|--------------------------|
| 22 | 1/12/2023; 279 | Defendant Gails | Defendant Rafael Turner | Defendant Gails informs Defendant Turner that the pills provided were short, "Man them three its only 2650 brother….Out of them three packs." Defendant Turner says "I'm gonna have to start counting them dishes." |
| 23 | 1/17/2023; 483 | Defendant Rafael Turner | Defendant Wayne Turner | The defendants discuss recent problems encountered with the pills (Defendant Rafael Turner said "just like a week, tryin figure out how I'm bout to do this shit"). Defendant Wayne Turner offers to drive to Arizona to bring the pills back to Kansas. Defendant Rafael Turner complains that "I lost I lost all money o that, I ain't make no money on that shit…" Defendant Wayne Turner |

| | | | | comments that "I damn near lost all my clients too." |
|---|---|---|---|---|
| 24 | 1/17/2023; 499 | Defendant Antonio Turner | Defendant Rafael Turner | Defendant Antonio Turner advises that "he" wants 15,000 pills ("he said he want a Patrick Mahomes jersey"). Defendant Rafael Turner replies "…fo sho, give me a couple days." |
| 25 | 1/24/2023 | Undercover Police Officer | Defendant Antonio Turner | UC spoke with Defendant Antonio Turner about buying 14,000 pills for $1.00 per pill. Defendant Antonio Turner agreed and arranged to sell the pills to the UC. |
| 26 | 1/24/2023; 935 | Defendant Antonio Turner | Defendant Rafael Turner | The Defendants discuss the distribution of the pills – "he ain't come back uhh…for a couple days, but he sent his partner over here." Defendant Rafael Turner asks "you go the money already?" Defendant Antonio Turner explains "he only gave me 13. Said, he said he gotta wait till he get back. Dude, whoever he sent only had 13, said when he get back he give me the other one." |
| 27 | 1/24/2023; 916 | Defendant Wayne Turner | Defendant Rafael Turner | Defendant Rafael Turner advises "I'm probably about to get ready to dip"… "I need to grab some more" … "We need some more." Defendant Wayne Turner states that he will bring him money before Defendant Rafael Turner leaves. |
| 28 | 1/25/2023; 957 | Defendant Rafael Turner | Defendant Wayne Turner | Defendant Rafael Turner asks Defendant Wayne Turner to bring him "five fentanyls." |
| 29 | 1/26/2023; 1034 | Defendant Gails | Defendant Rafael Turner | Defendant Gails asks if "you gunna give me a little action on them ugly ones? … A little better deal on them bull shits." Defendant Turner said "just give me fifty cent on them" to which Defendant Gails replies "… then I owe you all together 1750." Defendant Gails then explains that he has the money on CashApp which he |

| | | | | will send to Defendant Turner "… in like 30 seconds." |
|---|---|---|---|---|
| 30 | 1/28/2023; 1098 | Defendant Rafael Turner | Defendant Antonio Turner | Defendant Antonio Turner asks Defendant Rafael Turner if he has more fentanyl pills.  Defendant Rafael Turner responds affirmatively and tells him to "…pull up on me." |

In violation of Title 21, United States Code, Section 843(b).

## COUNT 31

**DISTRIBUTION OF FENTANYL**
**[21 U.S.C. § 841(a)(1)]**

On or about January 24, 2023, in the District of Kansas, the defendants,

**ANTONIO TURNER, and**
**RAFAEL TURNER,**

knowingly and intentionally distributed 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 32

**POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1)]**

On or about January 28, 2023, in the District of Kansas, the defendants,

**ANTONIO TURNER, and**
**RAFAEL TURNER,**

knowingly and intentionally possessed with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 33

**POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1)]**

On or about January 29, 2023, in the District of Kansas, the defendant,

**RAFAEL TURNER,**

knowingly and intentionally possessed with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 34

**POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL**
**[21 U.S.C. § 841(a)(1)]**

On or about January 29, 2023, in the District of Kansas, the defendant,

**ANDREA BOHANON,**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 35

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about January 29, 2023, in the District of Kansas, the defendant,

### RAFAEL TURNER,

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 36

**USING OR MAINTAINING DRUG PREMISES**
**[21 U.S.C. § 856(a)(1)]**

Beginning on or about January 5, 2023, and continuing through on or about March 18, 2023, in the District of Kansas, the defendants,

### ANDREA BOHANON, and
### RAFAEL TURNER,

did unlawfully and knowingly use and maintain a place located at 1622 W. 16th Street in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, fentanyl.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 37

**CONSPIRACY TO COMMIT WIRE FRAUD**
**[18 U.S.C. § 1349]**

Beginning on or about a date unknown to the grand jury and continuing through on or about February 28, 2023, in the District of Kansas and elsewhere, the defendants,

**ANTWAIN GAILS, and**
**RAFAEL TURNER,**

did knowingly and intentionally conspire, confederate and agree with each other and others known and unknown to the grand jury to commit wire fraud, that is, to devise and intend to devise a scheme and artifice to defraud another and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice and attempting to do so, caused the transmission by wire in interstate commerce of any writing, signs and signals, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1349 and 2.

## COUNT 38

**CONSPIRACY TO COMMIT FRAUD IN RELATION TO**
**IDENTIFICATION DOCUMENTS**
**[18 U.S.C. § 1028(f)]**

Beginning on or about a date unknown to the grand jury and continuing through on or about February 28, 2023, in the District of Kansas and elsewhere, the defendants,

**ANTWAIN GAILS, and**
**RAFAEL TURNER,**

knowingly possessed and used in and affecting interstate commerce, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another actual person, with the intent to commit, and in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, wire fraud (in violation of Title 18, United States Code, Section 1343), transportation of stolen property (in violation of Title 18, United States Code, Section 2314), and a felony under any applicable State and local law, and the offense involved the transfer of a false identification document that is and appears to be a driver's license, in violation of Title 18, United States Code, Section 1028(a)(7).

In violation of Title 18, United States Code, Sections 1028(f) and 2.

## COUNTS 39 THROUGH 44

**MONEY LAUNDERING**
**[18 U.S.C. § 1956(a)(1)(B)(i)]**

On or about the dates specified below, in the District of Kansas, the defendants,

**ANDREA BOHANON, and**
**RAFAEL TURNER,**

did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, defendants **ANDREA BOHANON** and **RAFAEL TURNER** transferred money in the amounts specified below into the account of another person as specified, which involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance, attempted distribution of a controlled substance, and conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841 and 846, knowing that the specified transaction was designed, in whole and in part, to conceal and

disguise the nature, source and ownership of the proceeds of said specified unlawful activity, and, that while conducting this transaction and causing it to be conducted, defendants **ANDREA BOHANON** and **RAFAEL TURNER** knew that all and part of the property involved in this financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Account | Amount of Transaction |
|-------|------|---------|----------------------|
| 39 | 8/18/2022 | CashApp | $ 1,250.00 |
| 40 | 8/18/2022 | CashApp | 1,250.00 |
| 41 | 8/23/2022 | Zelle | 500.00 |
| 42 | 9/5/2022 | CashApp | 1,000.00 |
| 43 | 9/6/2022 | Zelle | 500.00 |
| 44 | 9/11/2022 | CashApp | 500.00 |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **FORFEITURE NOTICE**

1.    The allegations contained in Counts 1-44 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Sections 981, 982, and 924, and Title 28, United States Code, Section 2461.

2.    Upon conviction of one or more of the offenses set forth in Counts 1-44 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any

firearms or ammunition involved in the commission of the offenses, including, but not limited to:

    A.    A Kimber, model Micro 9, 9mm caliber pistol, serial number SCB0032780;

    B.    A Glock, model 19, 9mm caliber pistol, serial number BUAP609; and

    C.    Ammunition.

3.    Upon conviction of one or more of the offenses set forth in Counts 1-34, and 36, the defendants,

**ANDREA BOHANON** (Counts 21, 34, 36),
**ANTWAIN GAILS** (Counts 21, 22, 29),
**ANTONIO TURNER** (Counts 21, 24-26, 30-32),
**RAFAEL TURNER** (Counts 1-24, 26-33, 36),
**WAYNE TURNER** (Counts 21, 23, 27-28),

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

    A.    A Kimber, model Micro 9, 9mm caliber pistol, serial number SCB0032780;

    B.    A Glock, model 19, 9mm caliber pistol, serial number BUAP609; and

    C.    Ammunition.

    D.    A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant from the commission of the offenses to which each are convicted.

4.      Upon conviction of one or more of the offenses set forth in Counts 39-44, the

defendants,

**ANDREA BOHANON, and
RAFAEL TURNER,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 982(a)(1), any property, real or personal, involved in such offenses, or any property

traceable to such property, including but not limited to, the following:

      A.      A sum of money equal to the value of the property involved in Counts
           39-44.

5.      Upon conviction of the offense set forth in Count 37 of this Indictment, the

defendants,

**ANTWAIN GAILS, and
RAFAEL TURNER,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real

or personal, which constitutes or is derived from proceeds traceable to the offense.  The

property to be forfeited includes, but is not limited to, the following:

      A.      A forfeiture money judgment against each defendant in an amount
           equal to the amount of gross proceeds obtained or derived by him from
           the commission of Count 37.

6.      Upon conviction of the offense set forth in Count 38 of this Indictment, the

defendants,

**ANTWAIN GAILS, and
RAFAEL TURNER,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as the result of the offense.  The property to be forfeited includes, but is not limited to, the following:

    A.    A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Count 38.

7.    If any of the property described above, as a result of any act or omission of the defendants:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

August 8, 2023 _____ s/Foreperson _____
DATE                       FOREPERSON OF THE GRAND JURY

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

<div style="border:1px solid black; padding:10px;">

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

</div>

## PENALTIES

### Counts 1, 2, 18, 19, 20, 21, 31-33 [21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846]

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Counts 3-17, 22-30 [21 U.S.C. § 843(b)]

- Punishable by a term of imprisonment of not more than four (4) years.  21 U.S.C. § 843(d).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation after one or more prior convictions which have become final for a violation of this section, or for a felony under any other provision of Title 21, United States Code, or other law of the United States relating to narcotic drugs, marijuana, or depressant or stimulant substances, the penalties are:

- Punishable by a term of imprisonment of not more than eight (8) years.  21 U.S.C. § 843(d).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).


## Count 21 for Bohanon, Gails and Wayne Turner
## Counts 22 and 34 for Bohanon
### [21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846]

- Punishable by a term of imprisonment of not more than 20 years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than 30 years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 35 [924(c) - possession]

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 36 [Maintaining Drug Premises]

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 856(b).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000. 21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 37 [Conspiracy to Commit Wire Fraud]

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1343, 1349.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 38 [Conspiracy to Commit Fraud in Relation to Identification Documents]

- Punishable by a term of imprisonment of not more than fifteen (15) years.  18 U.S.C. § 1028(b)(1)(A)(ii), (f).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 39 - 44 [Money Laundering]

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1956(a)(1).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000.  18 U.S.C. § 1956(a)(1).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.