IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Case No.  23-10078-04-JWB

RAFAEL TURNER,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reopen detention hearing.  (Doc. 49.)  The motion is fully briefed and ripe for decision.  (Doc. 51.)  The motion is DISMISSED FOR LACK OF JURISDICTION for the reasons stated herein.

On August 8, 2023, the grand jury returned an indictment against Defendant and others. Defendant was charged with more than forty different counts, including several counts of possession with intent to distribute, distribution, and attempted distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute fentanyl (21 U.S.C. § 849), use of a telephone to facilitate drug trafficking (21 U.S.C. § 843(b)), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)), and using or maintaining drug premises (21 U.S.C. § 856(a)(1)).  (Doc. 1.)  On August 15, Defendant was arrested in the District of Arizona.  On August 23, Magistrate Judge John Boyle in the District of Arizona held a detention hearing and found that the government had established by clear and convincing evidence that Defendant is a danger to the community and was to be detained pending trial.  (Doc. 39.)  Specifically, Magistrate Judge Boyle held as follows:

The nature and circumstances of the offense involve multiple kilograms of fentanyl, firearms (Count 35), and offenses on multiple dates.  Defendant's residence was the subject of a search warrant and seizure of fentanyl and guns on January 29, 2023.  Yet Defendant was stopped in a vehicle on March 18, 2023 and the government asserts 4.2 kg of fentanyl was found in a suitcase in the vehicle. Defendant's conduct demonstrates he is a danger to the community.  The weight of the evidence (wiretap, multiple seizures, and admissions by Defendant) favors detention.  Finally, Defendant's history and characteristics are mixed.  He has minimal criminal history.  But he has strong ties to Kansas and Arizona, no prior felony convictions, family support, and potential employment.  This [sic] factors make him much less of a flight risk, so the Court does not order detention on that ground.  But his alleged conduct, the presence of firearms, the type of drug involved, and his conduct after the first drug seizure on 1/29/23 demonstrate by clear and convincing evidence he shall be detained as a danger.  No alternatives to detention are sufficient to minimize this risk.

*Id.* at 2.

Defendant was transferred to this jurisdiction in early September.  A superseding indictment was returned on December 19, 2023, charging Defendant with the same original counts and additional counts, including a charge of  engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.  (Doc. 52.)

On November 28, 2023, Defendant filed a motion to reopen the detention hearing.  (Doc. 49.)  In his motion, Defendant invokes 18 U.S.C. § 3142(f)(2) which provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Defendant seeks to reopen the detention hearing because he has information from discovery that he did not have at the prior hearing.  Defendant also states that he has a proposed release plan that would reasonably assure the safety of others and the community.  The government

opposes Defendant's motion on the basis that it is improper and that Defendant lacks any new material information.

The government initially argues that the motion is not properly before this court because Defendant was detained by Magistrate Judge Boyle in Arizona. The court agrees. The Tenth Circuit has held that reconsideration or revocation of a "prior release [or detention] order under § 3142(f) is available only when the review of a detention or release order is being conducted by the **same** judicial officer who entered the order and when new, material information is available." *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) (emphasis supplied).

In *Cisneros*, the defendant had appeared before an Arizona magistrate judge who entered a release order. That defendant then appeared in the District of New Mexico and the government sought reconsideration of the release order. The New Mexico district court judge ultimately held a hearing and ordered the defendant detained. The Tenth Circuit held that the district court did not have statutory authority under § 3142(f) to reconsider the order because he was not the judge who initially entered the order. *Cisneros*, 328 F.3d at 614.[1] The same result is warranted here. This court does not have statutory authority under § 3142(f) to reopen the detention hearing based on new material information because the undersigned did not enter the detention order.[2] *Id.*

Defendant's motion is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 4th day of January 2024.

 s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] The Tenth Circuit ultimately affirmed the detention order under § 3145(a). In the instant motion, Defendant has only invoked § 3142(f).

[2] Based on the motion and the government's response, it is unlikely that Defendant could establish that he has new material information that would warrant reconsideration even if this court had authority to consider the motion. Further, after review of the facts and circumstances surrounding the charges which include distribution of fentanyl and the possession of firearms in connection with distribution, the court would agree with the magistrate judge's conclusion that Defendant is a danger to the community and must be detained pending trial. (Doc. 51-1.)